UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SWEARENGEN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01117-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

In 2021, Michael Swearengen pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The Court sentenced him to 70 months of imprisonment. Swearengen has now filed a motion to vacate, set aside, or correct his sentence. For the reasons below, the Court denies the motion as untimely.

**I.   Background**

Swearengen pleaded guilty to possessing a firearm as a felon in violation of section 922(g)(1). Elec. Minute Entry, *United States v. Swearengen*, No. 4:20-cr-00706-SRC-1 (E.D. Mo. Mar. 29, 2021), doc. 28. Three months later, the Court sentenced Swearengen to 70 months of imprisonment and a term of supervised release. *Id.*; Judgment at 2, *Swearengen*, No. 4:20-cr-00706-SRC-1 (E.D. Mo. June 28, 2021), doc. 41.[1] The Federal Bureau of Prisons currently houses Swearengen at USP Lee in Jonesville, Virginia, and anticipates releasing him on October 6, 2027. Find an inmate, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 9, 2024).

Swearengen initiated this case by filing a handwritten motion titled, "Motion to Vacate, Set Aside or Correct Sentence (Pursuant to 28 U.S.C. § 2255)," and dated August 1, 2024. Doc. 1 at 1.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Shortly thereafter, the Court performed an initial review of Swearengen's motion and found that Swearengen had filed a defective motion: he did not draft it on a Court-provided form, and it appeared that he did not file it within the one-year statute of limitations imposed by 28 U.S.C. § 2255(f). Doc. 2. The Court then ordered Swearengen to file an amended motion on the Court-provided form and to explain in writing why the Court should not dismiss the action as time-barred. *Id.* at 2. Swearengen complied. Doc. 3 at 10–11.

## II.     Discussion

The Court now considers whether Swearengen timely filed his motion. Section 2255(f) imposes a one-year statute of limitations on motions to vacate, set aside, or correct a sentence. The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of 'the date on which the judgment of conviction becomes final.'" *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019) (per curiam) (quoting 28 U.S.C. § 2255(f)(1)). Under section 2255(f), Swearengen failed to timely file his motion for three reasons.

First, section 2255(f)(1), not section 2255(f)(3), applies here. In his amended motion, Swearengen contends that, under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), his section 922(g)(1) conviction runs afoul of the Second Amendment. Doc. 3 at 4–8. Swearengen

2

appears to argue that *Bruen* constitutes a newly recognized right—specifically, the right to establish that section 922(g)(1) is unconstitutional as applied to him by making an individualized showing that he is not actually dangerous. *See id.* at 10–11. Thus, in Swearengen's view, section 2255(f)(3)—not section 2255(f)(1)—dictates the commencement of the limitations period in this case. *See id.* Eighth Circuit precedent, however, forecloses Swearengen's position. In *United States v. Jackson*, the court held that section 922(g)(1) is constitutional as applied to a defendant and explained "that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." 110 F.4th 1120, 1125 (8th Cir. 2024). *Bruen* therefore did not recognize a new right or make it retroactively applicable to cases on collateral review, rendering section 2255(f)(3) inapplicable here. Accordingly, section 2255(f)(1) governs whether Swearengen timely filed his motion.

Second, Swearengen did not timely file his motion under section 2255(f)(1), which requires a defendant to file his motion no later than one year after his judgment became final. The Court sentenced Swearengen on June 28, 2021, and entered judgment that same day. Judgment, *Swearengen*, No. 4:20-cr-00706-SRC-1, at 2. Because Swearengen did not pursue a direct appeal, doc. 3 at 1, his judgment became final on July 13, 2021, *see Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining that when a defendant failed to file a direct appeal, his conviction became final when the time to file a notice of appeal expired); Fed. R. App. P. 4(b)(1)(A)(I) (setting a 14-day time limit for a defendant in a criminal case to file a notice of appeal); Fed. R. App. P. 26(a)(1) (delineating the method for computing the 14-day period and excluding the day of the event that triggers the period). Thus, Swearengen had until July 13, 2022, to file his section 2255 motion. *See* 28 U.S.C. § 2255(f)(1). But he did not file his motion until August 2024, over two years after his judgment became final. *See* doc. 1. Thus, Swearengen untimely filed his motion under section 2255(f)(1).

Third, even if section 2255(f)(3) applies here, Swearengen did not timely file his motion.  The Court decided *Bruen* on June 23, 2022, providing Swearengen until June 23, 2022, to file a motion.  Swearengen, however, did not file his motion until August 2024—more than two years after the Court handed down its decision.  Doc. 1; *Bruen*, 597 U.S. at 1.

For these reasons, the Court holds that Swearengen did not timely file his motion under section 2255(f).

### III.    Conclusion

Accordingly, the Court denies as untimely Swearengen's [3] Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  The Court will enter a separate order of dismissal.

### IV.    Certificate of appealability

Before issuing a certificate of appealability, a district court must find a substantial showing of a denial of a federal right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted).  Swearengen has made no such showing in this case, thus the Court declines to issue a certificate of appealability.

So ordered this 10th day of October 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE